Derbigny, J.
delivered the opinion of the court. The defendant and appellant is sued as surety of one Charles Massicot, who, while enjoying the privilege of the bounds of the prison in New-Orleans, where he was confined under a ca’ sa’, issued by the court of the first district, at the suit of the plaintiff and appellee, is said to have broke the bounds.
It appears that Massicot, while thus confined, applied to the court of the parish and city of New-Orleans, for relief under the act of the legislature of 1808 ch. 16, that the then and present plaintiffs had notice of the application, and Massicot obtained his final release.
*262 The plaintiff and appellee contends, 1. That the parish court had not jurisdiction in the case. 2. That if it had, its proceedings were irregular and void and could not affect the rights of the plaintiff, under a judgment of the district court.
I. When the law cited was enacted, the judiciary of the territory of Orleans was composed of a superior court, having original and appellate jurisdiction, and parish courts, having an original jurisdiction in all civil cases, subject to an appeal to the superior court. To that superior court, or to the court under the process of whom he was confined, the debtor could, at his option, apply. These courts no longer exist: but the original jurisdiction of the superior court is now vested in the present district courts, and also in the court of the parish and city of New-Orleans, as to civil cases, originating in that parish. The transfer of these powers is to be found in the acts organising and creating. In the act of 1813, ch. 12, § 16, it is provided that “the proceedings of district courts, in civil as well as in criminal cases, shall be governed by the acts of the territorial legislature, regulating the practice of the late superior court of the territory of New-Orleans, and that they shall have the same powers, when not incon *263 sistent with this act, which were granted to the said superior court by the said acts.” The civil duties heretofore exercised by the superior court of the territory, under the insolvent law, are certainly a part of the powers hereby transmitted to the district courts. Let us see now whether the court of the parish and city of New-Orleans partakes of those powers. In the act defining its jurisdiction, sect. 1. it is said that it "shall consist of one judge, learned in the law, who shall have and exercise within the said parish a jurisdiction concurrent with the court of the first district, in all cases originating in the said parish, and in the second section that “the mode of proceeding before the said cOurt shall in all respects be similar to that presented for the district court: and an appeal from its decision shall be carried directly to the supreme court.” Now, as it cannot be pretended that an application, by an insolvent, for relief, is not a civil case, we must acknowledge that the court of the parish and city of New-Orleans, possesses the powers heretofore granted in these matters to the superior court of the territory, and was therefore competent to take cognizance of Massicot’s application.
II. But, it is said that the proceedings, in the present case, are irregular and therefore null and *264 void. Whether regular or not, we are bound to consider them as a res judicata, between Massicot and the appellee. The latter had regular notice and was made a party to the proceedings. He could have opposed the demand of his debtor, and if dissatisfied with the decision of the parish judge, might have appealed to this court for redress. It is now too late for him to complain. Neither can he, at this time, shelter himself under the judgment of the district court : for it is a well known rule of our laws, that when an insolvent has made application to a court of justice for relief, all proceedings against him, not only in that tribunal, but in all others, are suspended; and that all his creditors are obliged to bring their claims in the court before which the case of bankruptcy is pending, there to have them liquidated and classed, and to receive their share of the property abandoned. However exclusive the authority of a judge over the causes submitted to his jurisdiction, the moment that a debtor sued before him applies for relief, against his creditors generally, to any other competent tribunal, that authority ceases; the proceedings, whether on mesne process or under execution, are suspended, and the creditor must take his remedy in that court, in which all the affairs of the bankrupt are to be liquidated.
Porter and Dupeyster for the plaintiff. Paillette for the defendant.
Massicot having been released after a judgment rendered, in such a case, by a competent court, it follows that he cannot be considered as having broken the prison bounds, and that the appellant has not incurred the responsibility, which has been made the ground of the present suit.
It is ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and that judgment be entered for the appellant with costs.